UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PORTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LUCASFILM LTD. LLC,<br><br>　　　　Defendant. | Case No. 15-cv-03961-JSC<br><br>**ORDER RE: DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 18 |

Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) was accompanied by an administrative motion to file under seal certain exhibits and references to said exhibits. (Dkt. No. 18.) In particular, Defendant seeks leave to file under seal Exhibits B and C to the Declaration of Jeffrey E. Shapiro, Paragraph 5 and Exhibit G to the Declaration of Jennifer Jigalin, and portions of the motion to dismiss which reference these documents. Defendant's motion states that sealing is sought because the documents include information regarding "Plaintiff's salary at the time of his termination from Lucasfilm's employment." (Dkt. No. 18-1 ¶ 2.)

Under Civil Local Rule 79-5 "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" and any such request shall be "narrowly tailored." Civ. L.R. 79-5(b). While information regarding Plaintiff's salary is properly sealable, Defendant's request for sealing here also includes information beyond this narrow category. In particular, Exhibit C is a letter from Plaintiff's counsel which contains some protectable information, as well as legal argument which is not protectable. Accordingly, the motion to seal is DENIED without prejudice as to Exhibit C, but GRANTED as to the portions of the motion (Dkt. No. 18-3), Exhibit

1   B (Dkt. No. 18-4), Exhibit G (Dkt. No. 18-7), and Paragraph 5 of the Jigalin Declaration (Dkt. No. 18-6.)

Further, Plaintiff's opposition to the motion to dismiss and Defendant's reply were docketed as "Redacted Versions," but based on the Court's review of both documents, there are not in fact any redactions present in either document or at least no redactions have been marked. Accordingly, on or before October 23, 2015, each party shall file a statement clarifying whether there are any redactions in these filings, and if so, properly file a version which marks the redactions and a corresponding under seal version which highlights the redactions.

**IT IS SO ORDERED.**

Dated: October 16, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge